[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12300

Non-Argument Calendar

_____

MYND MANAGEMENT, INC.,

Plaintiff-Appellee,

*versus*

EMMANUEL ADKINS,

Defendant-Appellant,

KRISTEN CROWDER,
And All Other Occupants,

Defendant.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-03363-MLB

———————————

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction because it is not taken from a final or immediately appealable order.

Emmanuel Adkins, *pro se*, appears to seek review of the magistrate judge's June 17, 2025 order referring this dispossessory action to the district judge for a frivolity determination under 28 U.S.C. § 1915(e). That order was not final under 28 U.S.C. § 1291, as it did not end the litigation on the merits. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that final orders generally end litigation on the merits). Moreover, it was not appealable under the collateral order doctrine because it did not conclusively determine a disputed issue or resolve an important question separate from the merits of the action. *Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014). Finally, to the extent Adkins's notice of appeal seeks to challenge a remand order, it is premature because the district court did not enter such an order until after

25-12300               Opinion of the Court                    3

Adkins filed his notice of appeal.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (providing that a notice of appeal must designate an existing judgment or order).